IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANELLE WOLFE, ON BEHALF OF HER MINOR DAUGHTER, SLOANE WOLFE** | : : : | **CIVIL ACTION** |
| **v.** | : : | **NO.  23-4501** |
| **TWIN VALLEY SCHOOL DISTRICT** | : : | |

<u>**MEMORANDUM**</u>

**SCHMEHL, J. -** *JLS*                                                                                    **MARCH 26, 2025**

      Plaintiff Janelle Wolfe brought this action on behalf of her minor daughter, Sloane Wolfe, under 42 U.S.C. §1983, claiming that the Defendant Twin Valley School District's ("TVSD") requirement that before a new student club can be approved at Twin Valley High School ("TVHS") the club must first secure a willing faculty advisor is an impermissible content and viewpoint-based restriction prohibited by the First Amendment. Plaintiff has also asserted a claim under the Equal Access Act, 20 U.S.C. § 4071, *et seq*. The Complaint seeks injunctive and declaratory relief as well as damages, nominal damages and attorney's fees. Presently before the Court is TVSD's motion to dismiss for lack of subject matter jurisdiction under Fed. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion is denied.

      Under Rule 12(b)(1) where, as here, the motion raises a factual attack on the claim at issue because the facts have changed and the claim is alleged to have become moot, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that [subject matter] jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549

F.2d 884, 891 (3d Cir. 1977) In addition, the Court may weigh and "consider evidence outside the pleadings." *Constitution Party of Pennsylvania v. Aichele*, 757 F. 3d 347, 357-58 (3d Cir. 2014).

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Only if "the '[f]actual allegations ... raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

When both a 12(b)(1) and a 12(b)(6) motion are asserted, the Court should consider the 12(b)(1) motion first because if it must dismiss the complaint for lack of subject matter jurisdiction, 'all other defenses and objections become moot.'" *McCracken v. R.J. Reynolds Tobacco Company*, 2018 WL 692934 at *2 n. 22 (E.D.Pa. 2018) (citation omitted.)

According to the Complaint, the TVSD is a political subdivision of the Commonwealth of Pennsylvania and receives federal financial assistance. Compl. at ¶¶ 12, 14. "Since the 1960s, the Twin Valley School District's mascot has been 'the Raider,' represented by various stereotypical images of an indigenous or 'Native' American figure."

2

*Id*. at ¶ 20. Since June 2020, Sloane Wolfe and her older sister, Arden,[1] have "tried to establish a high school student club called 'Retire the Raider,' focused on cultural competency and addressing Native American cultural appropriation— including through advocating for replacement of the District's mascot and logo, a stereotypical indigenous American figure—and education of students and community members about indigenous culture." *Id*. at ¶ 2. "The Wolfe sisters and their supporters have faced tremendous pushback, vitriol, and even threats from members of the Twin Valley community who want to 'preserve' the Raider." *Id*. at ¶ 3.

The Complaint further alleges that "[a]lthough there is no district policy setting forth the requirements for a student club to receive official recognition and the associated benefits, the District's website states: 'Students interested in starting new clubs at Twin Valley High School should adhere to the following process: (1) Identify a faculty or staff member willing to serve as the advisor. (2) Complete a 'Request to Meet With an Administrator' form in the High School Office. Note the name of the proposed club under 'Reason for meeting'. (3) Meet with the principal to request approval to move forward. (4) If approved, advertise the first meeting with a flyer authorized by the advisor." Student Activities, TWIN VALLEY HIGH SCHOOL, [March 19, 2025] https://sites.google.com/tvsd.info/tvhs-activities/home. *Id*. at ¶ 66.

In June 2020, Arden Sloane reached out to a faculty member to serve as an advisor for Retire the Raider. Although this faculty member agreed to act as an advisor in July 2020 and again in August 2020, the faculty member changed their mind in October 2020 because "'Mr. Clements [High School Principal] told me that he doesn't want staff involved in the initiative.'" *Id*. at ¶ 70. "Since then, no other willing faculty member has

---

[1] Arden graduated from TVHS in 2022, the same year Sloane matriculated as a freshman. At the time this action was filed on November 17, 2023, Sloane was a sophomore. She still attends TVHS.

come forward to serve in the advisor role, and at least two other faculty members have specifically declined student requests to advise Retire the Raider because they were told by a superior not to get involved and were afraid of retaliation." *Id*. at ¶ 71. Because Retire the Raider was unable to recruit a faculty member, the TVSD refused to officially recognize it as a student club. *Id.* at ¶ 72. The Complaint also alleges that "the District has [] refused to appoint a faculty advisor for the club based on its assertion that it cannot require a member of the collective bargaining unit to take on extra work beyond their contractual work day." *Id*. at ¶ 77.

According to the TVSD, "a faculty advisor is necessary for three reasons: Managing a club's email address and outside correspondence; managing money and spending; and locking up district facilities after meetings." *Id*. at ¶ 86.

The Complaint alleges that the TVSD "has recognized other noncurriculum-related student clubs, including The Awakening, a Christian club; E-sports video-game club; a leadership experience and opportunity (LEO) club; Mini-Thon, which raises money for pediatric cancer; Sips of the Valley, a hot beverage and discussion club; and Ski Club." *Id*. at ¶ 5. According to the Complaint, because the TVSD refused to recognize Retire the Raider as an official student club, Retire the Raider was denied certain benefits and privileges that other non-curriculum-related student clubs received, including: The ability to hold regular meetings at school, including during 'flex' time, which is part of the school day; the ability to post flyers in the same manner as officially recognized student clubs; inclusion on the Twin Valley High School Student Activities page on the District's website; inclusion on the list of clubs in the community surveys provided to parents and students; access to certain financial benefits, including a school-managed student activity account and Twin Valley Community Education grants. *Id*. at ¶ 73.

Count One alleges a violation of the First Amendment. Specifically, Plaintiff alleges that "the District, by chilling staff and faculty members from providing support to the club, has made it impossible for Retire the Raider to meet the District's requirement that student clubs secure a willing faculty advisor to access the forum." *Id*. at ¶ 98. Plaintiff further alleges that "[t]he District's requirement that student clubs find a willing faculty advisor to receive official recognition and its concomitant benefits discriminates against clubs expressing unpopular or controversial viewpoints." *Id*. at ¶ 99.

In Count Two, Plaintiff alleges that the TVSD's requirement "that Retire the Raider secure a willing faculty advisor in order to hold meetings on the same terms as other noncurriculum-related groups constitutes discrimination on the basis of the content of the meetings, in violation of the [Equal Access Act]." *Id*. at ¶ 104.

In her Prayer for Relief, Plaintiff seeks a declaration that Retire the Raider, be provided with "the same access to school facilities as other noncurriculum-related student groups," and that the School District be enjoined from "continuing to unlawfully deny Retire the Raider the same access to District facilities that other noncurriculum-related student clubs enjoy." [ECF No. 1, Prayer for Relief, a) - b)].

Plaintiff filed her Complaint on November 15, 2023, along with a motion for preliminary injunction. According to the January 14, 2025 Affidavit of the Principal of TVHS, Dr. William Clements, on November 17, 2023, high school teacher Kathy Ellis offered to serve as the advisor for Retire the Raider. ECF 37-1 p. 17, ¶ 5. She was appointed that same day. *Id*. On December 12, 2023, high school teacher Michael Mannix was appointed as a co-advisor after he too volunteered. *Id*. Dr. Clements avers that since it became an approved student club on November 17, 2023, Retire the Raider has

5

enjoyed all the benefits that other approved clubs enjoy, such as holding meetings during flex time, the ability to post flyers, the ability to advertise and being eligible for a student identity account. *Id*. at ¶¶ 9, 12, 15, 20. Since Retire the Raider was approved by the TVSD, the Plaintiff withdrew her motion for a preliminary injunction.

The TVSD argues that the case must be dismissed for lack of subject matter jurisdiction because Retire the Raider was approved as a student club after a teacher volunteered to serve as a willing faculty advisor and therefore there is no longer any live case or controversy, rendering the entire matter moot. The Court does not agree.

Judicial power under Article III "extends only to cases and controversies." *Acosta v. Democratic City Committee*, 288 F.Supp.3d 597, 623 (E.D. Pa. 2018) (citation omitted). "A case becomes moot when (1) 'the issues presented are no longer 'live,' or (2) 'the parties lack a legally cognizable interest in the outcome.'" *Id.* (citations omitted). "[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (citations omitted).

Although Plaintiff withdrew her motion for a preliminary injunction, Plaintiff still has a concrete interest in the outcome of this case as her claims for damages and attorney's fees arising from the alleged failure of the TVSD to previously approve Retire the Raider as a student club still remain. *See Donovan ex rel. Donovan v. Punxsutawney Area School Bd.*, 336 F. 3d 211, 218 ((3d Cir. 2003) ("Although Donovan's claim for declaratory and injunctive relief is moot, her damages and attorney's fees claims continue to present a live controversy."); *Jersey Cent. Power & Light Co. v. New Jersey,* 772 F.2d 35, 41 (3d Cir.1985) ("[T]he availability of damages or other monetary relief almost always avoids mootness.... Damages should be denied on the merits, not on the grounds of mootness.").

Even more significant are Plaintiff's allegations, which must be accepted as true,

6

that Dr. Clements and another superior at TVHS discouraged faculty from volunteering as a willing faculty advisor for Retire the Raider. Compl. at ¶¶ 70, 71.Therefore, even if the requirement of needing a willing faculty advisor to be approved as a student club can be considered as content-neutral due its application to all potential student clubs, Plaintiff's claims that TVSD intentionally took actions to prevent Retire the Raider from meeting this requirement in the first place in violation of the First Amendment and the EAA still remain.

Finally, it is undisputed that TVSD still plans to enforce the requirement that each student club must have a willing faculty advisor before such a club can be approved. Therefore, if the current faculty advisors to Retire the Raider should suddenly resign, the opportunity for TVHS to discourage faculty from serving as advisors still exists. As a result, Plaintiff may still have a claim for future injunctive relief before Sloane graduates.

TVSD next argues that Plaintiff's claim under the EAA must be dismissed for failure to state a claim because the TVSD's requirements for approved student clubs are content neutral.

Under the EAA, if a public school which receives federal financial assistance has created a limited open forum, it is unlawful for that school to deny equal access to, or a fair opportunity to, or to discriminate against, any students who wish to conduct a meeting within such limited open forum on the basis of the religious, political, philosophical, or other content of the speech at such meetings. 20 U.S.C. § 4071(a). A public secondary school has a "limited open forum" whenever it grants an offering to, or opportunity for, one or more noncurriculum-related student groups to meet on school premises during noninstructional time. 20 U.S.C. § 4071(b). A noncurriculum related student group refers "to any student group that does not *directly* relate to the body of courses offered by the school." *Board of Educ. Of Westside Community Schools v. Mergens by and Through*

7

*Mergens*, 496 U.S. 226, 239 (1990) (emphasis in original). Even in those circumstances where a limited open forum has been created, the EAA does not limit a school's authority to prohibit meetings that would "materially and substantially interfere with the orderly conduct of educational activities within the school." 20 U.S.C. § 4071(c)(4). The EAA further preserves "the authority of the school, its agents and employees, to maintain order and discipline on school premises, to protect the well-being of students and faculty, and to assure that attendance of students at meetings is voluntary." 20 U.S.C. § 4071(f).

Plaintiff has satisfied all the requirements to assert a claim under the EAA. Plaintiff alleges that the TVSD is a public school district that receives federal financial assistance and has created a limited open forum by allowing one or more noncurriculum-related student groups (e.g. Ski Club, Christian Club) to meet on school premises during noninstructional time. Retire the Raider is a noncurriculum related student group. TVSD has not identified any instance where a meeting of Retire the Raider has materially and substantially interfered with the orderly conduct of educational activities within TVHS. Although TVSD's requirement that all student clubs must secure a willing faculty advisor before they can be approved may seem, as the TVSD argues, content-neutral, Plaintiff alleges that the TVSD has nevertheless used the faculty advisor requirement to discourage faculty from willingly becoming faculty advisors to Retire the Raider because it may espouse unpopular views. Compl. at ¶¶ 70, 71. Plaintiff has, at least for now, stated a claim under the EAA.

Finally, TVSD argues that Plaintiff's First Amendment claim under 42 U.S.C. § 1983 must be dismissed because Plaintiff has not identified an official policy or custom of the TVSD requiring a student club at TVHS to have a willing faculty advisor.[2]

---

[2] The only claim Plaintiff has asserted under section 1983 is a claim for violation of the First Amendment.

8

In order to assert a §1983 claim against the TVSD, Plaintiff must identify a policy, practice or custom of the TVSD that caused a constitutional violation. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978). While Plaintiff herself alleges that there is no official TVSD policy that requires that a student at TVHS must secure a willing faculty advisor before a new student club will be approved, Plaintiff does allege that the TVSD website specifically states that : "Students interested in starting new clubs at Twin Valley High School should adhere to the following process: (1) Identify a faculty or staff member willing to serve as the advisor. (2) Complete a 'Request to Meet With an Administrator' form in the High School Office. Note the name of the proposed club under 'Reason for meeting'. (3) Meet with the principal to request approval to move forward. (4) If approved, advertise the first meeting with a flyer authorized by the advisor." Student Activities, TWIN VALLEY HIGH SCHOOL, [March 19, 2025] https://sites.google.com/tvsd.info/tvhs-activities/home. *Id*. at 66. The Court finds the fact the TVSD identifies the process for approval of a new student club at TVHS on its website suffices to constitute a policy or practice or custom of the TVSD that satisfies the *Monell* standard.

---

Plaintiff's claim under the Equal Access Act stands on its own.